UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ADAM FERRARI,

        Petitioner,

v.

BARCLAY LEIB,

        Respondent.

Civil Action No. 24-7753 (ES) (MAH)

OPINION

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of Petitioner Adam Ferrari's ("Ferrari" or "Petitioner") motion to compel Respondent Barclay Leib ("Leib" or "Respondent") to produce documents in response to a subpoena *duces tecum* and comply with a subpoena *ad testifcandum*, in relation to litigation pending in the United States District Court for the Northern District of Texas. Mot. to Compel, July 12, 2024, D.E. 1. Leib opposed the motion on August 5, 2024. Opp'n to Mot. to Compel, Aug. 5, 2024, D.E. 7. The Court has considered the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth herein, the Court **denies** Ferrari's motion.

    **I.**    **BACKGROUND**

On April 13, 2023, Ferrari filed a Complaint in the United States District Court, Northern District of Texas (the "Texas Action") against William Francis ("Francis"). Decl. of Garrett Long, Esq. ("Long Decl."), Ex. 2, July 12, 2024, D.E. 1-4. Ferrari's suit against Francis alleges defamation, libel, and slander arising from Francis's alleged dissemination of slanderous packets, publications, websites, and other falsehoods. *Id.* ¶¶ 34-42. According to the Complaint, Francis utilized intermediaries and other third-parties to conceal his identity in

disseminating the defamatory materials. *Id.* ¶¶ 13, 17-23. Many of the statements were directed at Phoenix Capital Ground Holdings, LLC ("Phoenix"), a company with which Ferrari worked. *Id.* ¶ 6.

Starting in July 2023, Leib started contacting Phoenix employees. Decl. of Curtis Allen ("Allen Decl."), July 12, 2024, D.E. 1-14, ¶ 5. Leib's questions and repeated contacts raised red flags for Phoenix and led to Phoenix placing Leib on an internal "do not contact" list. *Id.* Many of his inquiries concerned "the general culture" of Phoenix and Ferrari himself. *Id.* ¶ 8; Allen Decl., Ex. 3, D.E. 1-17. Specifically, in a phone conversation with a Phoenix employee, Leib indicated he wanted to know about Ferrari's personal background. Allen Decl., D.E. 1-14, ¶ 10.

Due to Leib's interactions with Phoenix and Francis's alleged use of intermediaries to disseminate defamatory information, Ferrari's counsel believed Leib could have been working with Francis. On or about April 18, 2024, Ferrari served a subpoenas *duces tecum* upon Leib, individually (the "Document Subpoena"), and his company Sand Spring Advisers, LLC ("Sand Spring"). Long Decl., D.E. 1-2, ¶¶ 3, 5. Ferrari has also attempted to personally serve a subpoena *ad testificandum* upon Leib but has not successfully done so (the "Deposition Subpoena"). *Id.* ¶¶ 12, 18. The Document Subpoena sought two categories of documents: (1) documents and communications relating to Ferrari and Phoenix with Francis or any third party, Requests Nos. 1 and 3; and (2) documents and communications between Leib and Francis, or any other third party, about Francis and Francis's affiliates, Request Nos. 2 and 4. Long Decl., Ex. 3, D.E. 1-5, at 7.

Leib served responses and objections to the Document Subpoena. *Id.* The parties met and conferred regarding this dispute numerous times from May to June. Long Decl., Ex. 5,

2

D.E. 1-7; Decl. of Lindsey Silver, Esq. ("Silver Decl."), Aug. 5, 2024, D.E. 7-2, ¶¶ 5-8. During one of the meet-and-confers, Leib's counsel indicated that Leib was conducting due diligence on Phoenix and that neither Leib nor Sand Spring was otherwise associated with Francis. Silver Decl., D.E. 7-2, ¶¶ 7-8. In light of these discussions, Leib produced a three-page email between himself and Francis. Long Decl., Ex. 6, D.E. 1-8. In pertinent part, Francis wrote to Leib:

> As you seem quite determined in your objective to fill my inbox with unwanted updates on your personal endeavors as it relates to Phoenix/Ferrari (which I have never expressed any interest in following or wasting my time in consuming) I feel compelled to request you cease and desist from providing these updates.
>
> Evidenced by no replies ever being made to any of your emails, I have no interest in assisting or participating in any form in this complaint that you are pursuing. You seem quite adamant in filling me in with your opinions and alleged findings on this subject matter in which I couldn't care less about the outcome and therefore would request you cease from keeping me posted on your latest research or updates on this particular project.
>
> Obviously you found me as there are publicly available actions that have been filed against me or in which I've been named. Everything I'd be willing to state to you is already publicly available in those filing[s] if you're really keen to follow what is going on. So I would request instead of sending me information which is of no use to me, I would point you to tracking the publicly available instruments in those cases as I rarely get past the first sentence or two of these emails . . . .

*Id.*

Upon receipt of this email, Ferrari's counsel requested additional documents and/or communications. Long Decl., Ex. 7, D.E. 1-9, at 10-11. Leib's counsel explained (1) that the email produced should quell any notion that Leib ever worked with Francis; and (2) there were no grounds to require production of Leib's due diligence efforts. *Id.* at 9-10. Ferrari's counsel responded that the lack of additional documents was surprising considering Francis's prior

3

conduct. *Id.* at 8-9. Leib's counsel again explained that any additional documents would strictly be Leib's research on Phoenix and Ferrari. In other words, any additional documents would be outside the scope of the subpoena and unrelated to the Texas Action. *Id.* at 5-6.

On July 12, 2024, Ferrari brought this action to compel Leib to produce documents in response to the Document Subpoena, and to comply with the Deposition Subpoena. Mot. to Compel, D.E. 1. Ferrari argues that the email thread Leib produced called into question Leib's counsel's representations that: (1) Leib was performing routine due diligence on Phoenix; and (2) Leib and Francis's interactions were limited to this one email exchange. Pet'r's Br. in Supp., July 12, 2024, D.E. 1-1, at 7-8. Ferrari contends that Leib clearly possesses additional documents related to Ferrari and/or Phoenix. *Id.* at 12. In Ferrari's view, Leib's "counsel has admitted as such." *Id.* at 12. Thus, Ferrari should be permitted access to these documents to "ascertain the full extent of the relationship between" Leib and Francis. *Id.* at 14. Ferrari asserts that Leib's concerns regarding the disclosure of Leib's due diligence research are adequately protected by a Protective Order in the Texas Action. *Id.* at 16. Finally, as to the Deposition Subpoena, Ferrari requests this Court order Leib to accept service, as Ferrari has expended significant efforts to personally serve Leib. *Id.* at 16-17.

On August 5, 2024, Leib opposed the motion. Resp't's Br. in Opp'n, Aug. 5, 2024, D.E. 7. Leib asserts that there are no further communications with Francis. *Id.* at 11, 17. Moreover, any additional documents concerning Phoenix are irrelevant to the Texas Action and would otherwise lead to the disclosure of confidential information. *Id.* Leib contends that his brief communications with Francis only confirm that Leib has never worked with Francis. *Id.* at 12. Further, Leib argues that Ferrari's arguments solely rest on speculation. *Id.* at 15. Leib also contends that his confidentiality concerns when weighed against the relevance of the materials

4

sought, favor nondisclosure.  *See id.* at 16-17.  Leib finally asserts that Ferrari's Deposition Subpoena arguments are moot because Leib has authorized his counsel to accept service but if this Court rejects the Document Subpoena, it should likewise reject the Deposition Subpoena on the same grounds.  *Id.* at 17-18.

Leib also submitted a declaration.  Decl. of Barclay Leib ("Leib Decl."), Aug. 5, 2024, D.E. 7-1.  He declares that he has never worked with Francis and the sole basis for his due diligence on Phoenix was unrelated to Francis.  Leib Decl., D.E. 7-1, ¶¶ 8-9.

On September 11, 2024, the Court ordered Leib to submit an unredacted version of Exhibit 6 of the Long Declaration, D.E. 1-8, for *in camera* review.  Order, Sept. 11, 2024, D.E. 12.  On or about September 13, 2024, the Court received the unredacted version of the email and reviewed the email thread in its entirety.

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 45(d)(2)(B)(I) sets forth the procedure by which this Court may compel compliance with a subpoena, stating that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  The permissible scope of discovery under Rule 45 is the same as under Rule 26(b), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Where the subpoenaing party shows the documents sought to be relevant, "the resisting non-party must 'explain why discovery should not be permitted.'" *Biotechnology Value Fund, L.P. v. Celera Corp.*, 2014 WL 4272732, at *1 (D.N. J. Aug. 28,

5

2014) (quoting *Miller v. Allstate Fire & Cas. Ins. Co.*, 2009 WL 700142 (W.D. Pa. Mar. 17, 2009)).

Rule 26 does not permit the parties to "go fishing" and, in fact, "the trial court retains discretion to determine that a discovery request is too broad and oppressive." *Schneck v. IBM*, 1993 WL 765638, at *2 (D.N.J. July 27, 1993) (quoting *Marshall v. Westinghouse*, 576 F.2d 588, 591 (5th Cir. 1978)). "Subpoenaed information is not relevant to subject matter involved in the pending action if the inquiry is based on the party's mere suspicion or speculation." *Hashem v. Hunterdon Cnty.*, No. 15-8585, 2017 WL 2215122, at *3 (D.N.J. May 18, 2017) (quoting *Saller v. QVC, Inc.*, No. 15-2279, 2016 WL 8716270, at *5 (E.D. Pa. June 24, 2016)).

This Court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted); *see also Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances."). In applying that discretion, courts have the authority to quash or modify subpoenas that fall outside the scope of permissible discovery. *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007).

### B. Discussion

Ferrari asks the Court to compel Leib's compliance with the Document Subpoena.[1] Ferrari contends that there is "no doubt that . . . Leib possesses responsive documents and communications related to" Ferrari and Phoenix and any of Leib's confidentiality concerns

---

[1] Ferrari contends that the Document Subpoena is valid and enforceable. Pet'r's Br. in Supp., D.E. 1-1, at 9-10. Considering Leib's Opposition contains no argument to the contrary, Resp't's Br. in Opp'n, D.E. 7, and nothing in the record indicates otherwise, the Court assumes *arguendo*, the Document Subpoena is valid and enforceable in this District.

should be alleviated by the Protective Order in the Texas Action. Pet'r's Br. in Supp., D.E. 1-1, at 12, 15-16. However, based on the record before the Court, Ferrari's contentions fail.

The key inquiry is whether Leib possesses documents and/or communications relevant to Ferrari's claims in the Texas Action. *See* Fed. R. Civ. P. 26(b)(1). In the Texas Action, the underlying claims center on the allegation that Francis defamed, slandered, and otherwise libeled Ferrari. Long Decl., D.E. 1-4, ¶¶ 34-42. According to the Complaint, Francis used intermediaries and other third-parties to defame Ferrari. *Id.* ¶¶ 13, 17-23. Thus, Leib's persistent questioning of Phoenix employees and inquiries into Ferrari personally led Ferrari to believe Leib *could* be working for Francis. However, both Leib's counsel's representations and the email Leib produced demonstrated: (1) Leib never worked for Francis and (2) the research Leib performed was indeed for a separate purpose than to assist Francis in defaming Ferrari. There is no evidence in the record showing that Leib possesses additional documents and/or communications relevant to the Texas Action. Thus, compelling Leib to produce the documents and/or communications he collected in his due diligence of Phoenix would solely rely on Ferrari's heretofore uncorroborated that Francis and Leib were working together. But, without additional evidence to the contrary, this amounts to speculation. Speculation, without more, is no grounds to enforce compliance with a subpoena. *See Hashem*, 2017 WL 2215122, at *3.

For example, in *Hashem*, the plaintiff brought an action alleging race discrimination against her former employer and her supervisors. *Id.* at *1. The defendants served subpoenas upon the plaintiff's current employer, past employer, and other third-parties. *Id.* The subpoenas sought all of the plaintiff's employment records, incident reports, and educational and certification records. *Id.* As to the plaintiff's employment records, the defendants

contended that they heard the plaintiff facing similar problems as she did when she worked for the defendants. *Id.* at *3. However, this basis was not substantiated with any evidence. *See id.* at *3 n.2. Thus, the Court concluded that the defendants' subpoenas were purely "suspicion and speculation." *Id.* at *3. This District has routinely found that unsubstantiated speculation is insufficient to show a subpoena is appropriately relevant to compel compliance. *See Ramos v. Walmart, Inc.*, No. 21-13827, 2023 WL 2327208, at *5 (D.N.J. Mar. 2, 2023) (granting a motion to quash because the basis for the subpoena relied on speculation and inference); *Deibler v. SanMedica Int'l, LLC*, No. 19-20155, 2021 WL 6136090, at *6-7 (D.N.J. Dec. 29, 2021) (denying a motion to compel because the defendant failed to provide a nonspeculative basis for seeking the subpoenas).

    Here, Ferrari contends that Francis has engaged in "a years' long campaign" against Ferrari. Pet'r's Br. in Supp., D.E. 1-1, at 12. Thus, Leib's email to Francis and Francis rebuffing Leib "does not provide Ferrari with complete solace, given the fact that the Texas Action was pending when these discussions took place." *Id.* However, beyond this theory, there is nothing before the Court to support Ferrari's basis for the subpoena. *See Hashem v. Hunterdon Cnty.*, No. 15-8585, 2017 WL 2215122, at *3 (D.N.J. May 18, 2017). As Ferrari admits, Francis "put off Leib" and told Leib to stop contacting him. Pet'r's Br. in Supp., D.E. 1-1, at 12. The Court's *in camera* review of the redacted portion of the email further verifies Leib's attempts to contact Francis were one-sided and limited. Thus, in sum, Ferrari has only presented an email to the Court in which Francis told Leib to stop contacting him. This email only serves to counter Ferrari's theory. Leib contacted Francis on his own. Francis, wanting nothing to do with Leib, told Leib to stop contacting him. Based on this email, there is no connection between Leib and Francis. In turn, there is no showing that Leib has any documents

8

related to Francis's alleged defamation of Ferrari, i.e., the underlying claims of the Texas Action. Without additional evidence tying the two, Ferrari's contentions are purely speculative. *See Hashem*, 2017 WL 2215122, at *3.

Any documents Leib possesses related to Ferrari and/or Phoenix are evidently unrelated to the Texas Action. These documents, as explained by Leib's declaration, were gathered in furtherance of Leib's due diligence on behalf of an undisclosed client. Leib Decl., D.E. 7-1, ¶¶ 7-9. There is no indication from the record that these documents are relevant to the Texas Action. That certain documents might exist does not mean that they are relevant or discoverable. *See In re EthiCare Advisors, Inc.*, No. 20-1886, 2020 WL 4670914, at *5 (D.N.J. Aug. 12, 2020) (denying motion to compel compliance with subpoena served on non-party upon finding movant had not shown the information sought was relevant, and even if it had some minimal possible relevance, it would not be proportional to the needs of the case when considering the full range of interests involved). While the documents may relate to Phoenix and Ferrari, in general, there is nothing to show that the documents related to Francis's attempts to defame Ferrari.[2]

In sum, without additional evidence linking Leib to Francis and the Texas Action, there are no grounds to compel compliance with the Document Subpoena. Accordingly, the Court

---

[2] Because the Court concludes that Leib need not produce any additional documents at this juncture, the Court only briefly addresses Ferrari's confidentiality argument. Based on the Court's *in camera* review of the unredacted portion of the email, Long Decl., Ex. 6, D.E. 1-8, the Court concludes that the protective order in the Texas Action will not alleviate Leib's confidentiality concerns in producing additional documents. Moreover, weighing the relevance of these documents, which based on the record is minimal, against the prejudice in producing them, the potential prejudice of production far outweighs the need for the documents. *See In re EthiCare Advisors, Inc.*, 2020 WL 4670914, at *4 ("Before invading a company's private business information and ordering it produced, the Court requires showing of some actual need for the information.").

will likewise deny Ferrari's request to order Leib to accept service of the Deposition Subpoena.[3]

### III. CONCLUSION

For the reasons set forth above, Ferrari's motion is denied.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: October 7, 2024.

---

[3] The Court also notes that Leib's counsel has represented that they would accept service if this Court granted Ferrari's motion to compel compliance with the Document Subpoena. Thus, this issue is moot.